**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| WILLIAM PHILLIPS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE No.: 1:14-CV-135 (LJA) |
| | : | |
| OMNITRAX, INC. and GEORGIA | : | |
| FLORIDA RAILWAY, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is a Motion for Summary Judgment, (Doc. 12), filed by Defendant OmniTRAX, Inc. and Defendant Georgia & Florida Railway, LLC's ("Defendant Railway") (collectively, "Defendants"). For the reasons articulated below, Defendants' Motion for Summary Judgment, (Doc. 12), is **GRANTED**.

## PROCEDURAL BACKGROUND

On July 30, 2014, Plaintiff William Phillips filed a Complaint for damages in the Superior Court of Dougherty County, Georgia against Defendants asserting claims under O.C.G.A. §§ 32-6-190, 32-6-200, common law negligence, negligent hiring and supervision, and negligent inspection, repair and maintenance. (Doc. 1-1). These claims arise from an accident on August 13, 2013 in which Plaintiff's truck was struck by the automatic warning gates at a highway-rail grade crossing on Nelms Road in Dougherty County, Georgia. (Doc. 1-1 at 3). On September 9, 2014, Defendants removed the action to this Court and filed an Answer to the Complaint. (Docs. 1, 3). On February 3, 2016, Defendants filed a Motion for Summary Judgment on all of Plaintiff's claims. (Doc. 12). On February 24, 2016, Plaintiff filed a Response. (Doc. 17). On March 9, 2016, Defendants filed a Reply. (Doc. 18).

1

Accordingly, the Motion for Summary Judgment, (Doc. 12), is ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

In its Motion for Summary Judgment, Defendants argue that Defendant OmniTRAX, Inc. should be dismissed from this action because it is not a railroad company and only "furnishes corporate services to transportation entities including [Defendant Railway]." (Doc. 12-1 at 13). In its Response, Plaintiff "concede[d] that the proper defendant in this action is Defendant [Railway], and does not object to the dismissal of Defendant OmniTRAX, Inc." (Doc. 17-1 at 3). Accordingly, for good cause shown, Plaintiff OmniTRAX, Inc. is hereby **DISMISSED**.

## FACTUAL BACKGROUND[1]

Nelms Road is a two lane highway that runs in an east-west direction in Dougherty County, Georgia and crosses railroad tracks that run from Albany, Georgia to Sparks, Georgia, ("Nelms Road Crossing" or "the Crossing"). (Doc. 15 ¶ 2). Defendant Railway has operated trains on these tracks since 2005 and is responsible for inspecting and maintaining the warning system at the Crossing, ("Nelms Road Crossing Warning System"). (*Id.* ¶ 1). The Nelms Road Crossing Warning System consists of one automatic gate to the east of Nelms Road and another gate to the west of the road, lights, and a bell that are activated by the approach of a train. (*Id.* ¶¶ 1-2, 7).

Plaintiff, who lives in Sylvester, Georgia, was familiar with the Nelms Road Crossing because he used it multiple times each day for 25 years in travelling to and from church and his children's school. (Docs. 14 at 6, 14-2 at 83-86). On August 13, 2013, Plaintiff was driving his 2005 Chevrolet Silverado pick-up truck to pick up his children from school. (Doc. 14-2 at 80-83, 90-93). At approximately 2:30 p.m., Plaintiff turned onto Nelms Road from Moultrie Road and approached the Crossing at 55 miles per hour. (*Id.* at 90, 93-94;

---

[1] The relevant facts are derived from Plaintiff's Complaint, (Doc. 1), Defendant's Answer to Plaintiff's Complaint, (Doc. 8), Defendant's Motion for Summary Judgment and Statement of Undisputed Material Facts, (Doc. 17); Defendant's Memorandum of Law in Support of Motion for Summary Judgment, (Doc. 18), Plaintiff's Response to Defendant's Motion for Summary Judgment, (Doc. 23), and Defendant's Reply Memorandum in Support of Motion for Summary Judgment, (Doc. 24). Where relevant, this factual summary also contains undisputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in the light most favorable to the non-moving party. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Doc. 14-3 at 101).  When Plaintiff was 10 to 15 feet from the Crossing, both automatic gates came down across the road.  (Doc. 14-2 at 94, 96, 101).  Although Plaintiff applied his brakes, the automatic gates struck Plaintiff's truck. (Doc. 14-3 at 106-109).  In addition, Plaintiff's seatbelt locked when he applied the brakes, resulting in injuries to Plaintiff's neck and shoulder.  (*Id.* at 101-102, 104-105).  No train was approaching the Crossing and the warning lights on the automatic gates were not flashing when the accident occurred.  (Doc. 14-2 at 94, 96).

The accident was reported to Andy Owen, a signal maintainer employed by Defendant Railway, who immediately went to the Crossing.  (Doc. 15  ¶¶ 1, 7).  Owen determined that the flashing lights were operating properly, but a motion detector board in the signal case had malfunctioned and both automatic gates were damaged.  (*Id.* ¶¶ 7, 10). Owen replaced the motion detector board and the gate on the east side of the Crossing, and rehung the gate on the west side of the Crossing.  (*Id.* ¶¶ 7, 10, 12).  Thereafter, the Crossing was placed back in service.  (*Id.* ¶¶ 7, 12).

As the signal maintainer assigned to the Nelms Road Crossing since 2005, Andy Owen has been primarily responsible for the inspection, maintenance and repair of the Nelms Road Crossing Warning System.  (*Id.* ¶¶ 1, 5-6).  Prior to the accident, Owen inspected and tested the Nelms Road Crossing Warning System annually and monthly.  (*Id.* ¶ 5).  On each occasion, Owen determined that the warning devices were in the condition necessary to give a warning within no less than 20 seconds of a train's arrival at the Crossing.  (*Id.*)  The last annual inspection Owen performed occurred on February 27, 2013, and the last monthly inspection was on July 16, 2013.  (*Id.*)  Owen recorded the results of his inspections and tests on a Crossing Inspection Form.  (*Id.* ¶ 4, Doc. 15-1). Between July 16, 2013 and August 13, 2013, Defendant did not receive reports or complaints concerning the Crossing.  (Doc. 15 ¶ 6).  According to Plaintiff, however, he was forced to stop at the Crossing "a few times" over the course of 25 years because the automatic warning gates were down and the lights were flashing though no train was

passing through the Crossing.  (Doc. 14-2 ¶ 86-87).[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment when the party contends no genuine issue of material fact remains and the party is entitled to judgment as a matter of law.  "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013).  "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)).  "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  An issue of fact "is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009).  The movant can meet this burden by presenting evidence showing there is no genuine dispute of material fact, or by demonstrating to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *See Celotex*, 477 U.S. at 322-24.  Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there

---

[2] There is no evidence that Plaintiff reported any of these incidents to a railroad employee, law enforcement officer, highway traffic official or other employee of a public agency.

is a genuine issue for trial." *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or show that there is some metaphysical doubt as to the material facts." *Matsuhita*, 475 U.S. at 586 (citations and internal quotations omitted).  Instead, the nonmovant must point to evidence in the record that would be admissible at trial.  *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form") (quotation omitted).  Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant.  *See* Fed. R. Civ. P. 56(c)(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict in its favor.  *See Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646.  However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

## DISCUSSION

Plaintiff brings claims against Defendant Railway for failing to properly maintain and inspect the active warning devices at the Nelms Road Crossing, in violation of Georgia Code §§ 32-6-190, 32-6-200, common law negligence, negligent hiring and supervision, and negligent inspection, repair and maintenance.  (Doc. 1-1).   Defendant Railway moves for summary judgment on all of Plaintiff's claims on the basis that they are preempted by the Federal Railroad Safety Act ("FRSA") and that Plaintiff has failed produce evidence sufficient to show that Defendant Railway failed to comply with federal regulations governing maintenance and inspection of the Nelms Road Crossing.  (Docs. 12, 19).

Congress enacted the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq.*, "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents."  49 U.S.C. § 20101.  Section 20106 provides, in part, "[l]aws, regulations and orders related to railroad safety shall be nationally uniform to the extent

practicable." 49 U.S.C. § 20106. Accordingly, the FRSA authorizes the Secretary of Transportation to "prescribe regulations and issue orders for every area of railroad safety." *Id.* § 20103(a). The "FRSA contains an express preemption clause, which provides that the states may 'adopt or continue in force a law, regulation, or order related to railroad safety until the Secretary of Transportation prescribes a regulation or issues an order *covering the subject matter of* the State requirement.'" *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 863 (11th Cir. 1998) (citing 49 U.S.C. § 20106) (emphasis added)). Federal regulations promulgated under the authority of the Secretary of Transportation "cover[] the subject matter" of, and thus preempt, state law "only if the federal regulations substantially subsume the subject matter of the relevant state law." *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664 (1993). The Secretary of State has, in fact, prescribed regulations that substantially subsume O.C.G.A. §§ 32-6-190, 32-6-200 in so far as it relates to the duty to maintain active warning devices and related common law doctrines.

The Secretary of Transportation, acting through the Federal Railway Administration ("FRA") has prescribed a comprehensive set of regulations at 49 C.F.R. Part 234 concerning the maintenance and safety of highway-rail grade crossing warning systems. Section 234.1 "prescribes minimum – (1) maintenance, inspection, and testing standards for highway-rail grade crossing warning systems; [and] (2) standards for reporting of failures of highway-rail grade crossing warning systems and for the actions that railroads must take when such systems malfunction. . . ." 49 C.F.R. § 234.1(a). For example, Section 234.225 requires that "[a] highway-rail grade crossing warning system [] be maintained to activate in accordance with the design of the warning system, but in no event shall it provide less than 20 seconds warning time for the normal operation of through trains before the grade crossing is occupied by rail traffic." Railroad companies are required to inspect and test the warning devices on a monthly, quarterly and annual basis. *See generally* 49 C.F.R. §§ 234.249-234.71. If warning devices malfunction, they must be removed from service until they are operating again in compliance with the regulations. 49 C.F.R. § 234.247. Railroad companies must also keep records of results of inspections and tests and make the records available to the Secretary of Transportation or his designee upon request. 49 C.F.R. 234.273.

Therefore, as the provisions of 49 CFR Part 234 set forth a comprehensive set of regulations that "cover[] the subject matter" of Defendant Railway's duties to maintain and inspect safety warning devices at the Nelms Road Crossing, Plaintiff's state law claims under O.C.G.A. §§ 32-6-190, 32-6-200, and common law tort doctrines are preempted by federal law.  *See Stone v. CSX Transp., Inc.*, 37 F. Supp.2d 789, 797 (S.D.W.V. 1999) (finding that provisions of 19 C.F.R. § 234 "are extensive and 'substantially subsume' state common law claims against railroad for failure to perform proper maintenance and inspections of highway-rail grade crossing warning system) (citing *Easterwood*, 507 U.S. at664-665)).

The FRSA exempts from federal preemption, any state law that: "(1) is necessary to eliminate or reduce an essentially local safety hazard; (2) is not incompatible with a law, regulation, or order of the United States Government; and (3) does not unreasonably burden interstate commerce."  49 C.F.R. § 20106.  "In order to show that [a] situation . . . is an 'essentially local safety hazard' the [plaintiff] must . . . establish that the local conditions it cites are not capable of being addressed by the national track safety standards." *Duluth, Winnipeg and Pacific Ry. Co. v. City of Orr*, 529 F.3d 794, 799 (8th Cir. 2008).  As Plaintiff points to no evidence that the safety conditions at the Nelms Road Crossing are unique and not adequately addressed by the maintenance and inspection regime in 49 C.F.R. Part 234, Plaintiff fails to establish that "an essentially local safety hazard" existed at the Nelms Road Crossing prior to his accident.  Accordingly, Plaintiff's state law claims are not exempted from federal preemption under the FRSA.

Furthermore, even if Plaintiff had properly alleged a violation of 49 C.F.R. Part 234, his claim would fail as he has failed to establish that Defendant Railway failed to comply with its maintenance and inspection obligations under 49 C.F.R. Part 234.  Prior to Plaintiff's accident, Andy Owen, Defendant's signal maintainer, inspected the Nelms Road Crossing Warning System annually and monthly.  Mr. Owen also maintained a record of all tests, which showed that the active devices were in the condition necessary to give a warning that complied with the requirements of the regulations.  Moreover, there is no evidence that Defendant received a credible report of a warning system malfunction at the Crossing prior to Plaintiff's accident.  Section 234.103 mandates, "[u]pon receipt of a credible report of a

warning system malfunction, a railroad [company] having maintenance responsibility for the warning system shall promptly investigate the report and determine the nature of the malfunction." 49 C.F.R. § 234.103(a).  A "credible report" is a "report that contains specific information regarding a malfunction of a highway-rail grade crossing warning system at an identified highway-rail grade crossing, supplied by a railroad employee, law enforcement officer, highway traffic official, or other employee of a public agency acting in his official capacity." 49 C.F.R. § 234.5.  While Plaintiff alleges that, over the course of 25 years, he observed the Nelms Road Crossing Warning System malfunction "a few times," there is no evidence that he reported any instance to anyone.  Accordingly, there is no genuine issue of material fact as to whether Defendant Railway failed to comply with its obligations under 49 C.F.R. Part 234 to maintain and inspect the Nelms Road Crossing Warning System prior to Plaintiff's accident.

## CONCLUSION

For the reasons set forth above, Defendant Georgia & Florida Railway, LLC's Motion for Summary Judgment, (Doc. 12), is **GRANTED**.

**SO ORDERED**, this  30th  day of September, 2016.

        /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**